Opinion filed September 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00300-CV

                                                    __________

 

                           EARL
HENRY SHELTON JR., Appellant

 

                                                             
V.

 

                  IRVIN
MITCHELL AND IRENE MITCHELL, Appellees



 

                                   On
Appeal from the 318th District Court

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. FM-42,453

 



 

                                            M E M O R A N
D U M   O P I N I O N

                                                                              

            While
he was confined in the Roach Unit of the Texas Department of Criminal Justice –
Institutional Division, Earl Henry Shelton Jr. filed a pro se suit seeking to
establish that he was the father of S.A.J. (boy) and S.A.J. (female) and to be
appointed sole managing conservator of both children.  In the same proceeding,
Shelton sued the Thomas Funeral Home for the alleged embalming of a body
without the family’s consent.  After a hearing in which Shelton appeared via
teleconference, the trial court denied Shelton’s claims and  entered a
take-nothing judgment.   We affirm.

            The
trial court entered findings of fact and conclusions of law.  The trial court
found that both children were over the age of eighteen when Shelton filed his
suit and that neither child had a presumed, acknowledged, or adjudicated
father.  The trial court concluded that Shelton had no standing to adjudicate
parentage of the children.

            On
appeal, Shelton argues that the trial court failed to conduct a “required” pretrial
conference pursuant to Tex. Fam. Code §§
13.04, 13.05 (repealed 1995), that the evidence is factually insufficient, that
the “clear and convincing” evidence establishes that the trial court abused its discretion when it did not conduct a
hearing on his motion for new trial, that his suit to establish parentage was
not “time barred,” and that the trial court
abused its discretion and violated his due process rights concerning his claims
against the Thomas Funeral Home and his request for the body of Lisa Joseph to
be exhumed.

            Tex. Fam. Code Ann. § 160.602 (Vernon
2008) governs standing in proceedings to adjudicate parentage.  Subsection
(a)(3) of that section grants standing in these type suits to “a man whose
paternity of the child is to be adjudicated.”  However, subsection (b) of that
section provides that, “[a]fter the date a child having no presumed,
acknowledged, or adjudicated father becomes an adult, a proceeding to
adjudicate the parentage of the adult child may only be maintained by the adult
child.”  While subsection (a)(3) appears to grant Shelton standing, subsection
(b) limits that standing.  In re Sullivan, 157 S.W.3d 911 (Tex. App.—Houston
[14th Dist.] 2005, orig. proceeding).

            It
is undisputed that both children were adults at the time Shelton filed this
lawsuit.  There is no evidence in the record regarding the presumed, acknowledged,
or adjudicated father of either child.  The burden of proof was upon Shelton to
show that he had standing to bring this lawsuit; he did not meet that burden.  In
re H.G., 267 S.W.3d 120 (Tex. App.—San Antonio 2008, pet. denied) (in a
suit affecting parent-child relationship, standing is governed by the Texas
Family Code, and one seeking relief must allege and establish standards as
provided by the statutes).  Therefore, Shelton’s issues on appeal related to
the parentage adjudication are overruled.

We
have liberally examined Shelton’s numerous filings in the trial court and in
this court and cannot determine that he has properly pleaded any causes of
action against Thomas Funeral Home.  Even if we assume that Thomas Funeral Home
admitted all of the facts in those filings, there is no cause of action alleged
upon which Shelton could recover.  In its order, the trial court found and
ordered that all relief requested in Shelton’s petition be denied.  We cannot
say that it erred when it so ordered.  All arguments relative to the funeral
home claim are overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                    PER
CURIAM

 

September 30,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.